DOCKET NO. 879                     APR -3 1991

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE STOTLER GROUP, INC. AND RELATED ENTITIES SECURITIES LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,\* LOUIS H. POLLAK,\* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### ORDER DENYING TRANSFER

This litigation presently consists of four actions pending in two federal districts: three actions in the Northern District of Illinois and one action in the Southern District of Iowa. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant Coopers & Lybrand to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings before the Honorable John A. Nordberg. Three other defendants support the motion. Plaintiffs in two Illinois actions in which a consolidated amended complaint has been filed (Elson/Guthrie) favor transfer of the Iowa action to the Northern District of Illinois, but oppose inclusion of the third Illinois action (Davis) in centralized pretrial proceedings. Plaintiffs in Davis, while taking no position on transfer of the Iowa action, oppose inclusion of Davis in centralized pretrial proceedings unless those proceedings are assigned to the Honorable Milton I. Shadur. Plaintiffs in the Iowa action oppose transfer of their action to the Northern District of Illinois.

On the basis of the papers filed and the hearing held, the Panel finds that transfer under 28 U.S.C. §1407 would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. While each action alleges fraud in the sale of securities by Stotler Group, Inc. or related entities, the actions nevertheless entail important differences in terms of securities purchased by the plaintiffs, time periods of the purchases, and specific representations relied upon in making the purchases. In this

---

\*   Judge Pollak recused himself and took no part in the decision of this matter. Additionally, Judge Pollack took no part in the decision of this matter.

-2-

context, we emphasize that Judge Nordberg and Judge Shadur, who are assigned to Elson/Guthrie and Davis, respectively, have both declined to accord related case status to those actions. In so ruling, both judges found that the legal and factual issues in Davis are narrower than those in Elson/Guthrie. We note that the Iowa action is similarly narrower in scope than Elson/Guthrie.

Given the factual differences among the actions, and the fact that all but one are already pending in the same district, we conclude that suitable alternatives to Section 1407 are both available and preferable as a means of minimizing the possibility of duplicative discovery and/or conflicting pretrial rulings with respect to any common matters. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985). Indeed, Judge Nordberg and Judge Shadur have already taken steps to coordinate discovery in Elson/Guthrie and Davis.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for transfer of the actions on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle
Chairman

## *SCHEDULE A*

### *MDL-879 -- In re Stotler Group, Inc., and Related Entities Securities Litigation*

#### Southern District of Iowa

Liberty Bank and Trust of Mason City, et al. v. Thomas M. Egan, et al., C.A. No. 90-0547 A

#### Northern District of Illinois

Robert Elson v. Stotler Group, Inc., et al., C.A. No. 90-C-4497
Guthrie County State Bank, et al. v. Karsten Mahlmann, et al., C.A. No. 90-C-4901
Morton Davis, et al. v. Coopers & Lybrand, et al., C.A. No. 90-C-7173